2 Ill. App.3d 837 (1972)
277 N.E.2d 769
GEORGE A. RUSSOW et al., Plaintiffs-Appellants,
v.
LEON A. BOBOLA et al., Defendants-Appellees.
No. 71-24.
Illinois Appellate Court  Second District.
January 11, 1972.
*838 *839 *840 Ostrom & Johnson, of Glen Ellyn, for appellant.
Donovan, Dichtl, Atten, Mountcastle & Roberts, of Wheaton, Robert A. Cox and Delbert S. Lyle, both of Glen Ellyn, for appellee.
Affirmed in part, reversed in part and remanded.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
This action arises from the sale of a house by the defendant Bobolas to the plaintiff Russows. The plaintiffs seek rescission of the deed and punitive damages, alleging that the defendants fraudulently misrepresented and concealed material information of water and flooding conditions in connection with the sale.
In September of 1967 the Russows went to the office of Glenshire, Inc. seeking to purchase a home, and were taken to the Bobola home by Glenshire employee Barbara Wiggins, formerly Barbara Swanson. The listing agreement for the sale of this house named Harold Dato, the president of Glenshire, Inc., as the broker. After five visits to the home, plaintiffs purchased it. Since then the basement and garage have flooded to depths of 30 to 50 inches on ten occasions.
Glenshire, Inc., alleged with Dato to be the agent of the Bobolas, was dismissed as a party defendant some five months prior to trial on the ground that no cause of action was stated against it. The trial court hearing the case without a jury found for the remaining defendants at the close of the plaintiffs' evidence. Plaintiffs appeal from both orders. They also contend that the court erred in denying them leave to amend and in disallowing testimony concerning their attorneys fees and expenses.
At the trial, testimony established that during the twenty-five months that the Bobolas owned the house, it had twice flooded approximately thirty inches. Glenshire employees were informed in both instances, and Harold Dato may have had personal knowledge of one such incident. However, no mention of the floods was made during the five times plaintiffs visited the house prior to the consummation of the sale. In fact, shortly before the sale, the Bobolas had washed off and painted over all of the water marks left by the floods. While plaintiffs never inquired whether the house flooded, they did ask whether the drain outside the garage was adequate. Mr. Russow says Mr. Bobola answered that it was; while Mrs. Russow says Bobola answered that it was not, but that there was another large sewer across the way, and that there was talk that more sewers would be installed.
 1 In ruling on the motion to dismiss at the close of the plaintiffs' evidence, the evidence presented, together with all reasonable inferences, must be considered in the light most favorable to the plaintiffs, and if there is any substantial evidence tending to prove the plaintiffs' allegations, *841 the motion must be denied. City of West Frankfort v. Fullop (1955), 6 Ill.2d 609, 617.
 2, 3 Fraud has been said to comprise anything calculated to deceive, including all acts, omissions and concealments involving a breach of legal or equitable duty, trust or confidence resulting in damage to another (Majewski v. Galling (1959), 17 Ill.2d 92, 99.) This deception may consist of a single act or combination of circumstances, suppression of truth or suggestion of what is false, direct falsehood or innuendo, speech or silence, look or gesture. People v. Gilmore (1931), 345 Ill. 28, 46; Citizens Savings & Loan Ass'n v. Fischer (1966), 67 Ill. App.2d 315, 322.
The trial court found that there was insufficient evidence on which to base an action for misrepresentation against any of the defendants. It appears from his remarks at the time the decision was rendered that the court felt that the only affirmative statement of whether or not the drain was adequate was actually an expression of opinion rather than fact and that the plaintiffs relied on their own judgment when they purchased the home rather than upon any statement or silence by the defendants.
 4-6 We cannot agree that this is a proper assessment of the involvement of the Bobolas. What is determinative as to the Bobolas is not merely what they said, but what was left unsaid under the particular combination of circumstances in the record. While silence in a business transaction does not generally amount to fraud, mere silence is quite different from concealment. Silence accompanied by deceptive conduct or suppression of material facts results in active concealment, and it then beomes the duty of a person to speak. In such case, if a party to a contract of sale does not disclose the whole truth, having the requisite intent to deceive, this amounts to fraud equally with an affirmative falsehood. (Forest Preserve Dist. v. Christopher (1943), 321 Ill. App. 91, 105, 106; Leonard v. Springer (1902), 197 Ill. 532, 538; Kohl v. Lindley (1866), 39 Ill. 195, 201.) The Bobolas not only failed to tell the plaintiffs that the house had flooded twice, but washed and painted away all water marks which were visible after the floods, thus leaving no indication that the house had problems of this nature. This conduct tended to mislead the plaintiffs and substantially affected their power to make a knowledgeable judgment in purchasing the house. In addition, the statement by Bobola, in answer to a question by Mrs. Russow as to the reasons for the sale, that he would be moving to the East after he had qualified for a bonus at his place of employment, when in fact he admitted that he at no time intended to go to New York, seemed also calculated to deceive the purchasers. Moreover, Bobola's answer as to the adequacy of the drain indicated that the drainage system was adequate, when in fact he *842 knew the drainage to be inadequate by reason of the two floods he had experienced. While it is true that the plaintiffs had a duty of inquiry regarding the premises and are chargeable with all knowledge which an examination conducted with ordinary care would provide, the matter undisclosed here is of such a nature that it would not be readily apparent from an inspection of the property. (See Hustad v. Cerny (1926), 321 Ill. 354, 359; Halla v. Chicago Title & Trust Co. (1952), 412 Ill. 39, 46.) There is sufficient evidence of active concealment by the Bobolas to require reversal of the trial court's order granting their motion to dismiss at the close of the plaintiff's evidence.
 7 Of course, this is not to say that the defendants are guilty of fraud, but only that there is sufficient evidence in the record to preclude a dismissal at this stage of the proceedings. Should the court then find these defendants guilty of fraudulent conduct, it must grant that relief necessary to do equity, which may include an award of damages if rescission is no longer practical under the circumstances of this case. See Industrial Nat. Gas Co. v. Sunflower Nat. Gas. Co. (1947), 330 Ill. App. 343, 361-362; Pritchard v. Wilcox (1942), 314 Ill. App. 132, 139.
 8 In contrast, Harold Dato made no statement regarding the flooding or drainage of the house, and took no active steps to conceal the situation. There is controversy over whether he even knew water had entered the house. Plaintiffs have not presented sufficient evidence to require Dato to defend a charge of fraud.
 9-12 Plaintiffs contend that the motion judge erred in dismissing Glenshire on the pleadings and also erred in refusing to reinstate it as a party defendant on the day of trial. We cannot agree with either contention. First, in our view the record does not present sufficient evidence to require Glenshire to defend a charge of fraud. No Glenshire employee made any statement as to flooding or drainage, and Barbara Wiggins' silence fell far short of active concealment. In any event, we cannot say that the trial court abused its discretion by denying the motion, when it was not made until more than five months after the order of dismissal was entered, and on the day of trial. (Brockob Const. Co. v. Trust Co. of Chicago (1955), 6 Ill. App.2d 565, 570.) Nor can we say that the motion judge erred in dismissing Glenshire on the pleadings. A motion to dismiss admits facts well pleaded, but not conclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest. (Pierce v. Carpentier (1960), 20 Ill.2d 526, 531.) Plaintiffs' second amended complaint states that the Bobolas contracted with Harold Dato and Glenshire to become Bobolas' agents in the sale of the house. But Exhibit A, attached to the complaint, sets forth the agency contract, and lists only Dato as the real estate broker. Glenshire's name is not present. Such complaint *843 does not sufficiently allege an agency relationship between the Bobolas and Glenshire, and Glenshire was properly dismissed as a party defendant.
 13 The court also did not abuse its discretion in denying the motion of the plaintiffs to amend as the case was called for trial and at the close of the plaintiffs' case. Again, the trial judge was acting within his discretion in denying the amendment because of the delay. Moreover, since we have found that Dato was not liable in fraud, the amendment charging that Glenshire was his agent would serve no purpose.
 14, 15 We affirm that portion of the order of the court below which resulted in the dismissal of Count II of the amended complaint, which charged wilful and wanton misconduct. We find no basis in the record for awarding punitive damages against any defendant. Likewise, the court did not err in refusing to allow evidence of plaintiffs' attorneys fees and expenses and in denying their offer of proof in that regard. In the absence of any applicable statute, and none has been shown, there is no basis for the allowance of attorneys fees and costs in this litigation. When an award of punitive damages is authorized, expenses and attorneys fees may be considered in estimating the amount of damages but are not allowable in addition to the sum assessed as exemplary damages. (See Ritter v. Ritter (1943), 381 Ill. 549, 553-556; Boss v. Coe Inv. Co. (1964), 45 Ill. App.2d 417, 423, 424.) See also House of Vision, Inc. v. Hiyane (1969), 42 Ill.2d 45, 51.) Our conclusion that the record does not support exemplary damages precludes the assessment of attorneys fees and costs as an element of punitive damages.
That portion of the judgment below which dismisses the complaint as against the defendants, Harold E. Dato and Glenshire, Inc., is affirmed. That portion of the order below which dismisses the complaint as to Count II of the second amended complaint is also affirmed. The portion of the judgment which dismisses plaintiffs' complaint against the defendants Leon A. Bobola and Raphaela Bobola at the close of all of the evidence offered by the plaintiff is reversed. To this extent the cause is remanded for further proceedings consistent with this opinion.
Affirmed in part, reversed in part and remanded with directions.
MORAN, P.J., and ABRAHAMSON, J., concur.