**John M. HASTY, Appellant (Petitioner Below),**

v.

**G. Michael BROGLIN, Appellee (Respondent Below).**

No. 46S00–8808–CV–737.

Supreme Court of Indiana.

Dec. 7, 1988.

John M. Hasty, Summitville, pro se.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant John M. Hasty petitioned the LaPorte Circuit Court for a writ of habeas corpus. In his petition, Hasty alleged that the disciplinary procedures of the Westville Correctional Center violated his constitutional rights. The trial court dismissed the case, ruling that it lacked jurisdiction over the matter. Hasty argues that the trial court should have entertained jurisdiction.

Hasty was serving a ten-year sentence for robbery and arson when prison officials charged him with "Abuse of Mail." Hasty sent a large envelope to a friend outside the prison. The envelope contained smaller envelopes that Hasty hoped his friend would mail without the Department of Correction's return address. Prison officials determined that Hasty had violated a rule requiring a return address on outgoing correspondence and stripped him of a month's good-time credit. Hasty appealed the violation arguing that he did not know about the rule. He said a woman in the mail room failed to inform him that the rules prohibited such use of the mail. He points to a subsequent change in the rule specifically prohibiting his actions as proof that

he was innocent. Prison officials denied Hasty's appeal.

 This Court has held that there is no constitutionally protected right to judicial review of individual decisions of the prison disciplinary system. *Riner v. Raines* (1980), 274 Ind. 113, 409 N.E.2d 575; *Adams v. Duckworth* (1980), 274 Ind. 503, 412 N.E.2d 789. The Court thoroughly analyzed this issue in *Riner,* and we need only paraphrase that argument to address Hasty's contentions. Neither Indiana statutes nor common law rules establish Hasty's right to judicial review of prison disciplinary action. Absent statutory authorization, Indiana courts have declined to review a decision of a penal institution to take away an inmate's good-time credit for a prison infraction. *Riner,* 274 Ind. at 115, 409 N.E.2d at 577. The current system of administrative review by policy makers and executive officers within the correction department establishes a fair procedure to resolve disputes, one adequate under due process.

The trial court's dismissal for want of jurisdiction is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.