983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fabio DIAZ, Petitioner/Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents/Appellees.
 No. 92-1499.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Jan. 7, 1993.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Fabio Diaz appeals the denial of his petition for a writ of habeas corpus. We affirm.
 
 
 2
 Diaz is an inmate at the Westville Correctional Center in Indiana. He was found guilty at a hearing before the Correctional Center Conduct Adjustment Board (CAB) for "Giving money or anything of value to or accepting same from any person without proper authorization" in violation of prison regulations. The CAB found that the mother of another inmate, Juan Alba, had sent Diaz a money order to pay off an old debt Alba owed to Diaz. Diaz was sanctioned 90 days of good time credits. He appealed the CAB decision first to the Superintendent, Thomas Richards and then to the Final Reviewing Authority, John Nunn, the Deputy Supervisor of Operations. See Forbes v. Trigg, 976 F.2d 308, 310 (7th Cir.1992). Unable to file his action in the state courts of Indiana, Id. at 311 (citing Hasty v. Broglim, 531 N.E.2d 200 (Ind.1988)), Diaz filed a petition for writ of habeas corpus in the district court, arguing that he had been denied due process in the CAB hearing. The district court denied his writ.
 
 
 3
 Diaz has a liberty interest in his lost good time credits, Forbes, 976 F.2d at 314 (citing IND.CODE ANN § 35-50-6-3, -4 (Burns 1988)), and is therefore entitled to the protections of the Due Process clause. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). In Wolff, the Supreme Court outlined the procedural protections to which inmates are entitled during disciplinary proceedings: (1) advance written notice of the charges; (2) the opportunity to call witnesses and present documentary evidence where such acts would not be unduly hazardous to the institution's security or correctional goals; (3) a written statement by the board setting out the evidence relied upon and the sanctions imposed. Wolff, 418 U.S. at 564, 566. Furthermore, the findings of the disciplinary board must be supported by "some evidence" in the record. Superintendent, Mass. Correctional Instit. v. Hill, 472 U.S. 445, 454 (1985).
 
 
 4
 Diaz argues that he was not given the opportunity to present documentary evidence. He complains about having never seen the money order, not having an opportunity to present his affidavits, and being falsely accused of having made incriminating statements. The record shows that Diaz was aware that a money order had been sent, and he had requested that it be put into his trust account. Diaz had the opportunity to submit affidavits from himself and Juan Alba which confirm much of the evidence the CAB considered in finding him guilty, that Mrs. Alba sent Diaz money to pay back her son's "debt." Those affidavits corroborated the investigator's findings.
 
 
 5
 Diaz argues that he was not afforded a written statement of fact. The record contains a "Report of Investigation of Incident" and "Report of Conduct", signed by Diaz four days before his hearing; the "Report of Investigation of Incident" outlines the results of the investigation which led to the charges against Diaz. This is sufficient under Wolff.
 
 
 6
 Diaz also challenges the sufficiency of the evidence supporting the CAB decision. If "some evidence" supports the decision by the CAB, the requirements of due process are satisfied. Hill, 472 U.S. 445. The CAB found Diaz guilty of knowingly attempting to accept payment from a "past deal" from another inmate. Diaz himself has consistently maintained throughout these proceedings that Mrs. Alba sent a money order to him to repay Alba's past debt. He had put in a formal request to have the money placed in his trust account. This has been shown not only through the prison's investigative report, but also through Diaz' affidavits, his pleadings and his brief before this court. He was found guilty of accepting something of value from another and his own statements have been consistent with that finding. He alleges that the CAB accepted "affirmative misrepresentation" against him, but the CAB as the factfinder was free to consider the credibility of those statements along with Diaz' own written statements to find Diaz guilty.
 
 
 7
 Finally Diaz argues that the district court should have granted him an evidentiary hearing. Because there was enough evidence in the record, the district court was able to review the proceedings before the CAB; thus, there was no necessity to conduct a further evidentiary hearing.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs