**Alex E. WATERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 77A01–9709–CV–295.

Court of Appeals of Indiana.

Dec. 4, 1997.

Publication Ordered Feb. 5, 1998.

Alex E. Waters, Carlisle, Pro Se.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

ROBERTSON, Judge.

Prison inmate, Alex E. Waters, pro se, appeals the trial court's sua sponte dismissal of his action requesting that the trial court order the Indiana Department of Corrections to expunge his institutional record, known as an inmate's institutional packet, of reference to an offense for which he had been found not guilty. We reverse.

FACTS

The dispositive facts are undisputed. While in prison, Waters was alleged to have violated a prison regulation. However, he was found not guilty. Later, Waters learned his inmate's institutional packet contained a reference to the charge. Waters sought expungement, but was unable to obtain relief through the prison grievance procedures. Ultimately, Waters filed the instant action requesting that the DOC expunge his record of any reference to the violation as required by Ind.Code 11–11–5–5(a)(10). Without waiting for the State to respond, the trial court dismissed Waters' complaint finding that the court lacked jurisdiction "since there is no statutory or constitutional right to judicial review of prison discipline actions," citing *Hasty v. Broglin*, 531 N.E.2d 200 (Ind.1988). This appeal ensued.

DECISION

*Blackmon v. Duckworth*, 675 N.E.2d 349, 352 (Ind.Ct.App.1996) (Clarified on rehearing) controls. In *Blackmon*, we distinguished *Hasty* on the basis that the statute in question did if fact provide the inmate with a statutory right. *Id.* Moreover, we held that I.C. 11–11–5–5(a)(10) provided, unequivocally, that where an inmate has been found not guilty of a charge, he is entitled to the expungement of *any reference to the charge* in his institutional packet. *Id.* (Emphasis original). Therefore, we reverse and remand for further proceedings consistent with this opinion. *See id.*

Judgment reversed.

BAKER and BARTEAU, JJ., concur.

*ORDER*

This Court having heretofore handed down its opinion in this appeal on December 4, 1997, marked "NOT FOR PUBLICATION"; and

The appellant, by counsel, having thereafter filed his Motion to Publish Opinion, pur-

suant to which this Court issued its order requiring the State of Indiana to show cause why said opinion should not be published; and

The State having failed to file a response to the show cause order, this Court now finds that the appellant's Motion to Publish Opinion should now be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The appellant's Pro Se Motion to Publish Opinion is granted and this Court's opinion heretofore handed down in this cause on December 4, 1997, marked "NOT FOR PUBLICATION", is now ordered published.