**William K. ZIMMERMAN, Appellant–Plaintiff,**

v.

**STATE of Indiana, Edward L. Cohn, and Bruce Lemmons, Appellees–Defendants.**

No. 77A01–9909–CV–318.

Court of Appeals of Indiana.

April 25, 2000.

William K. Zimmerman, Carlisle, Indiana, Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

BROOK, Judge

### Case Summary

Appellant-plaintiff William Zimmerman ("Zimmerman") appeals the dismissal of his complaint for writ of mandate. We reverse and remand.

### Issues

Zimmerman presents three issues that we consolidate and restate as:

I. whether the trial court erred in dismissing his mandate action; and

II. whether the trial court erred by not ruling on his "motion for relief from fee in civil action" prior to dismissing his action.

### Facts and Procedural History

On June 14, 1999, the Wabash Valley Correctional Facility Conduct Adjustment Board ("CAB") found by a preponderance of the evidence that inmate Zimmerman had tested positively for "Cannabinoids (THC)." Unpersuaded by Zimmerman's defense that the "test is not right" because he was on medication, the CAB found him "Guilty of Class A Conduct Report (A112) Possession, introduction or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana." Consequently, Zimmerman's visitation privileges were restricted for six months to begin on June 28, 1999. On July 8, 1999, Zimmerman challenged his visitation re-

striction by filing a "complaint step 1" with the Department of Correction.

On July 21, 1999, Zimmerman filed a mandate complaint in the Sullivan Circuit Court against appellees-defendants, the Department of Correction, Commissioner Edward L. Cohn, and Superintendent Bruce Lemmons (collectively, the "DOC"). In his complaint, Zimmerman sought an order from the court directing the DOC to abide by the provisions of Indiana Code Section 11–11–5–4(4) [1] and to alter his punishment accordingly. On that same date, Zimmerman filed with the court a motion for relief from fee in civil action, alleging that he was indigent and arguing that the filing fee should be waived.

On July 22, 1999, the DOC responded to Zimmerman's administrative complaint step 1 as follows: "Your contact visits were suspended due to your conduct violations (Class A112). Legal language and references are not acceptable to use in the grievance process. Recommend you appeal to next level."

Prior to receiving any response from the DOC, the trial court [2] dismissed Zimmerman's mandate action on July 28, 1999, explaining:

1.) That on page four (4) of the Plaintiff's Complaint, the Plaintiff states that he is currently awaiting a decision on his administrative appeal [regarding alleged procedural errors], and therefore, this matter is [moot].

2.) That the Sullivan Circuit Court lacks jurisdiction since there is no statutory or constitutional right to judicial review of prison administrative disciplinary actions. *Hasty v. Broglin,* 531 N.E.2d 200, (1988). See also *Riner v. Raines,* 274 Ind. 113, 409 N.E.2d 575 (1980).

The court did not rule on Zimmerman's motion to waive the fee. On August 11,

1999, Zimmerman filed a motion to reconsider, which the court denied two days later.

Zimmerman filed an "initial grievance" with the DOC on August 24, 1999. The DOC's September 13, 1999 response to his initial grievance reiterated, "tests deemed that [Zimmerman] had cannabinoids (THC) in [his] system at the time of urinalysis." The September response further stated that Zimmerman had "not appealed successfully through the CAB appeals process therefore, non-contact visits are appropriate at this time." Zimmerman appealed to the next level of the DOC. An October 8, 1999 denial of appeal letter written by a DOC administrative assistant stated: "You tested positive for marijuana, not barbiturates or benzodiazepines. Nobody I talked to indicated you being on Elavil would cause false/positive. Depending on the amount, usage and the last time you took it, all could effect why it didn't show on the lab report."

Zimmerman appeals the trial court's dismissal of his mandate action.

## Discussion and Decision

### I. Mandate Action

■ Zimmerman concedes that generally case law precludes a trial court from asserting jurisdiction over prison disciplinary actions. *See Hasty v. Broglin,* 531 N.E.2d 200, 201 (Ind.1988). However, he asserts that his mandate action was improperly dismissed because, rather than seeking judicial review of a prison disciplinary action, he seeks an order directing the DOC to comply with Indiana Code Section 11–11–5–4(4). On appeal, he contends that according to the clear and unambiguous language of the aforementioned statute, restrictions on visitation privileges may not be used as a form of punishment for a violation of prison rules unless the

---

1. The DOC may not impose as disciplinary action [r]estrictions on clothing, bedding, mail, visitation, reading and writing materials, or the use of hygienic facilities, except for abuse of these. IND.CODE 11–11–5–4(4).

2. In all matters relevant to this case, the trial judge approved a magistrate's decision.

violation involved visitation. Thus, he claims that the trial court has jurisdiction to mandate that the DOC properly apply the statute at issue. He further claims that the DOC has a history of misapplying Indiana Code Section 11–11–5–4 and that the trial court has a history of improperly dismissing such cases.

Preliminarily, the State argues that the trial court correctly dismissed Zimmerman's mandate complaint as premature. The State accurately points out that in his complaint, Zimmerman admitted he was still in the midst of his administrative appeal to the DOC when he filed his mandate complaint with the trial court. The State cites one case in support of its failure to exhaust administrative remedies argument. *See State v. Sproles*, 672 N.E.2d 1353 (Ind.1996). However, *Sproles* does not pertain to appeals of prison disciplinary actions. Further, between the time that he filed his mandate complaint and the time we received this appeal, Zimmerman reached the end of the DOC administrative appeal process. Also, we view Zimmerman's as the type of case that might be attempted by similarly situated plaintiffs in the future. In summary, we are unwilling to dispose of Zimmerman's claim based upon a failure to exhaust administrative remedies. Accordingly, we examine whether the trial court has jurisdiction over this case.

■ "The lack of subject-matter jurisdiction can be raised at any time, and either the trial court or the Court of Appeals is required to consider the issue sua sponte if it is not questioned by the parties." *Brazauskas v. Fort Wayne–South Bend Diocese, Inc.*, 714 N.E.2d 253, 259 (Ind.Ct.App.1999), *trans. denied*. Twenty years ago, our supreme court concluded, "there is presently no constitutionally protected right to judicial review of the decisions of fact-finding and appellate tribunals presently conducting disciplinary

proceedings within the prison system." *Riner v. Raines*, 274 Ind. 113, 409 N.E.2d 575, 579 (1980); *see also Adams v. Duckworth*, 274 Ind. 503, 412 N.E.2d 789 (1980) (dismissing petition challenging sufficiency of evidence of prison board findings). Likewise, a complaint challenging both the evidentiary and procedural adequacy of the disciplinary hearing of a pre-trial detainee was dismissed for similar reasons. *Bates v. State*, 426 N.E.2d 404 (Ind.1981). In *Hasty*, our supreme court reiterated its holdings from *Riner* and *Adams* and stated,

> Neither Indiana statutes nor common law rules establish Hasty's right to judicial review of prison disciplinary action. *Absent statutory authorization*, Indiana courts have declined to review a decision of a penal institution to take away an inmate's good-time credit for a prison infraction. The current system of administrative review by policy makers and executive officers within the correction department establishes a fair procedure to resolve disputes, one adequate under due process.

531 N.E.2d at 201 (citation omitted) (emphasis added).

■ Zimmerman's case differs from prior challenges to prison disciplinary actions in two important respects. First, he relies upon the mandate statute[3] for authorization to bring his action. As highlighted above, *Hasty* left open the possibility that state courts could have jurisdiction if statutory authority exists. Second, he makes neither a sufficiency challenge, which would be clearly prohibited by the aforementioned precedent, nor a due process challenge, which would be properly addressed in the federal court system. *See Wells v. Israel*, 854 F.2d 995 (7th Cir. 1988); *Evans v. Deuth*, 8 F.Supp.2d 1135 (N.D.Ind.1998); *see also Forbes v. Trigg*, 976 F.2d 308 (7th Cir.1992), *cert. denied, Trigg v. Forbes*, 507 U.S. 950, 113 S.Ct.

**3.** "An action for mandate may be prosecuted against any ... public ... officer ... to compel the performance of any: (1) act that the law specifically requires; or (2) duty resulting from any office, trust, or station." IND.CODE § 34–27–3–1.

1362, 122 L.Ed.2d 741 (1993). Rather, he asserts that the DOC is not complying with clear Indiana state law; that, as a result, he is being adversely affected; and that the DOC should be ordered to follow the law. Under these particular circumstances, the trial court does have jurisdiction over this case. *Cf. Blackmon v. Duckworth,* 675 N.E.2d 349 (Ind.Ct.App.1996), *as clarified on reh'g* (1997) (reviewing a case brought by prisoner who filed a complaint for declaratory judgment asking· that the trial court clarify his rights and the [DOC's] obligations under IND.CODE § 11–11–5–5(a)(10)).

Although we conclude that the trial court has jurisdiction over Zimmerman's mandate action, we make no comment upon the merits of his case. Whether Zimmerman can meet the strict standard required for the granting of a mandate[4] is for the trial court to determine with the aid of additional allegations, documentation, affidavits, other evidence, and an answer or responsive motion from the State.

### II. Motion for Relief from Fee

■ In the motion he filed with the trial court, Zimmerman cited Indiana Code Sections 33–19–3–2 and 33–19–3–2.5 and requested that the court "deem him a pauper; waive the filing fee in this matter; and 'for all other just and proper relief." On appeal, Zimmerman contends that the trial court failed to rule·on his motion prior to dismissing his mandate complaint. We set out the remainder of his appellate argument regarding this issue.

> App. Rule 4(A) (ADD: 7) specifically provides that if a Trial Court grants Zimmerman pauper status, the appellate fee is waived. However, ... litigants who are not granted pauper status by the Trial Court are required to pay a $250.00 appellate fee.

To prevent any foreseeable undue delay which could very likely occur, and to prevent a possible unjust financial burden being placed upon Zimmerman and other poverty stricken litigants, the Trial Court should be required to rule on all pending motions and Application to Proceed In Forma Pauperis prior to dismissing an action properly filed in that Court.

> Zimmerman's motion to waive the fees in the instant case [c]learly establish his total indigence and absence of funds to pay the appropriate $250.00 appellate fee pursuant to App. Rule 4(A).

The State made no attempt to respond to this argument.

We too have difficulty addressing this issue for a variety of reasons. First, Indiana Appellate Rule 4(A), which sets out our supreme court's jurisdiction, does not discuss waiving fees for pauper causes. Rather, it is Indiana Appellate Rule 3(A) that provides, "[u]pon the filing of the record of proceedings, the appellant shall pay a filing fee of two hundred fifty ($250.00) dollars. The fee is not applicable in a case prosecuted as a pauper cause[.]" Second, the record does not reveal what, if any, fees Zimmerman has paid. Third, there is no indication that Zimmerman filed a petition for waiver of appellate costs before any other pleadings. *Cf. Offutt v. Sheehan,* 168 Ind.App. 491, 344 N.E.2d 92 (1976) (concluding that Offutt had "in effect waived the issue of her indigency by filing her full appeal, and presenting said issue as a part of her brief"). Fourth, neither in his appellant's brief nor in his reply brief does Zimmerman indicate exactly what sort of relief he seeks in this regard. In summary, lack of cogent argument precludes our review of this issue. *See* Ind. Appellate Rule 8.3(A)(7).

---

4. *See Nass v. State ex rel. Unity Team,* 718 N.E.2d 757, 766 (Ind.Ct.App.1999) (noting that an action for mandate is an extraordinary remedy of an equitable nature which is generally viewed with disfavor, and that it does not lie unless the petitioner has a clear and unquestioned right to relief and the respondent has failed to perform a clear, absolute, and imperative duty imposed by law), *trans. denied.*

Reversed and remanded for proceedings consistent with this opinion.

DARDEN, J. and MATTINGLY, J., concur.