William K. ZIMMERMAN,
Plaintiff–Appellant,

v.

STATE of Indiana, Edward L. Cohn,
Bruce Lemmon, Defendant–
Appellee.

No. 77S01–0008–CV–00478.

Supreme Court of Indiana.

June 27, 2001.

William K. Zimmerman, pro se.

E. Paige Freitag, Kenneth J. Falk, Indiana Civil Liberties Union, Indianapolis, IN, Amicus Curiae.

Jeffrey A. Modisett, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition to Transfer

DICKSON, Justice.

William K. Zimmerman, an inmate at the Wabash Valley Correctional Facility, tested positive for cannabinoids, in violation of prison rules against possessing or using controlled substances. As part of his penalty for this violation, his visitation privileges were restricted to non-contact visits for six months. Zimmerman filed an action in the trial court seeking to compel the State of Indiana Department of Correction; Edward Cohn, the Commissioner of the Indiana Department of Correction; and Bruce Lemmon, the Superintendent of Wabash Valley Correctional Facility, to cease imposing this restriction upon his prisoner visitation privileges. The trial court dismissed Zimmerman's complaint, in part concluding that it lacked jurisdiction because "there is no statutory or constitutional right to judicial review of prison administrative disciplinary actions." Record at 23. The Court of Appeals reversed. *Zimmerman v. State,* 727 N.E.2d 714 (Ind. Ct.App.2000). We granted the defendants' petition to transfer. Pursuant to our grant of transfer, Zimmerman's appeal is

before this Court as if originally filed herein. Ind.Appellate Rule 11(B)(3).[1]

Zimmerman asserts that his mandate action is authorized by Indiana Code § 34–27–3–1 which provides, "An action for mandate may be prosecuted against any ... public ... officer, or person to compel the performance of any: (1) act that the law specifically requires; or (2) duty resulting from any office, trust, or station." He seeks an order directing the defendants to comply with Indiana Code § 11–11–5–4(4), which states "The department [of correction] may not impose the following as disciplinary action: ... (4) Restrictions on clothing, bedding, mail, visitation, reading and writing materials, or the use of hygienic facilities, except for abuse of these...." Ind.Code 11–11–5–4. The State argues that Zimmerman may not obtain through a request for mandamus the exact same relief—judicial review of prison disciplinary action—prohibited by *Hasty v. Broglin,* 531 N.E.2d 200 (Ind. 1988).

In *Hasty,* this Court declared:

Neither Indiana statutes nor common law rules establish Hasty's right to judicial review of prison disciplinary action. Absent statutory authorization, Indiana courts have declined to review a decision of a penal institution to take away an inmate's good-time credit for a prison infraction. *Riner [v. Raines],* 274 Ind.[113], 115, 409 N.E.2d [575], 577 [(1980)]. The current system of administrative review by policy makers and executive officers within the correction department establishes a fair procedure to resolve disputes, one adequate under due process.

*Hasty,* 531 N.E.2d at 201. In *Riner,* we expressly held that there is "no constitutionally protected right to judicial review of the decisions of fact-finding and appellate tribunals presently conducting disciplinary proceedings within the prison system." 274 Ind. at 118–19, 409 N.E.2d at 579.

In the eleven years since *Hasty,* the Indiana General Assembly has not enacted any statutory authorization providing for the judicial review of a disciplinary decision of a penal institution. Regardless of the procedural vehicle employed—whether mandate to compel compliance with statute or direct judicial review of a prison disciplinary decision—Zimmerman is seeking judicial intervention in the disciplinary actions of the Department of Correction. We decline to retreat from the principles and policies reflected in *Hasty* and *Riner.* The relief sought is not available in Indiana courts.

We affirm the trial court.

SHEPARD, C.J., and SULLIVAN, J., concur.

BOEHM, J., concurs in result with separate opinion.

RUCKER, J., concurs in result with separate opinion.

BOEHM, Justice, concurring in result.

I agree with the majority that the trial court correctly dismissed Zimmerman's mandamus action. I reach that conclusion mainly because Zimmerman did not preserve what seem to me to be the interesting questions raised by these facts. Zimmerman made no claim that Indiana Code section 11–11–5–4 grants him a statutory right which is protected by Article I, Section 12's open courts clause.

We are left, then, with two open questions for another day. First, does Indiana Code section 11–11–5–4, which prohibits

1. New Ind.Appellate Rule 58(A).

the Department of Corrections from imposing certain disciplinary actions, create a statutory right? If so, does Article I, Section 12 of the Indiana Constitution guarantee inmates a right to judicial review of disciplinary proceedings allegedly in violation of that statute?

Indiana Code section 11–11–5–4 provides that "The department [of corrections] may not impose the following as disciplinary action: ... (4) Restrictions on clothing, bedding, mail, visitation, reading and writing materials, or the use of hygienic facilities, except for abuse of these...." This statute effectively carves out a category of inmate privileges that may not be revoked through disciplinary proceedings. If the legislature has given inmates a statutory right, albeit a right subject to a number of restrictions, this case presents an issue not raised by *Hasty v. Broglin* 531 N.E.2d 200 (Ind.1988). The inmate in *Hasty* was docked good time following an administrative hearing, a process contemplated by the sentencing structure of the Indiana Criminal Code. Ind. Code § 35–50–6–5 (1998). *Hasty* noted that "[n]either Indiana statutes nor common law rules establish Hasty's right to judicial review of prison disciplinary action. Absent statutory authorization, Indiana courts have declined to review a decision of a penal institution to take away an inmate's good-time credit for a prison infraction." *Id.* at 201. The *Hasty* holding, however, does not address whether Zimmerman has recourse to the state courts to address an alleged violation of a right conferred by statute.

*Hasty* also did not address the potential application of Article I, Section 12 of the Indiana Constitution. That section provides, "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Although there is no case law in Indiana directly on this point, in the view of some, an open courts clause of this sort "promises that for injuries recognized elsewhere in the law, the courts will be open for meaningful redress." Jennifer Friesen, *State Constitutional Law* § 6–2(c) (2d ed.1996). The implications of this constitutional provision for an inmate's claim of violation of a statutory right remain unaddressed by this Court.

RUCKER, Justice, concurring in result.

In *Hasty v. Broglin,* 531 N.E.2d 200 (Ind.1988), this Court reiterated "there is no constitutionally protected right to judicial review of individual decisions of the prison disciplinary system." *Id.* at 201 (citing *Riner v. Raines,* 274 Ind. 113, 409 N.E.2d 575 (1980)). This Court offered the following explanation for such a policy, "The current system of administrative review by policy makers and executive officers within the correction department establishes a fair procedure to resolve disputes, one adequate under due process." *Id.* Although the current system may be adequate under federal due process standards, I do not believe that it is adequate under the Open Courts provision of the Indiana Constitution. *See McIntosh v. Melroe Co., a Div. of Clark Equip. Co., Inc.,* 729 N.E.2d 972, 975 (Ind.2000) (holding that the Open Courts provision of the Indiana Constitution is not equivalent to the Due Process Clause of the United States Constitution).

Article 1, Section 12 of the Indiana Constitution provides in part, "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." We held in *Martin v. Richey,* 711 N.E.2d 1273 (Ind.1999), that the Open Courts provision provides "a right of access to the courts." *Id.* at 1283. Although

this right is not unlimited, *see id.*, I believe that a blanket prohibition of judicial review of disciplinary decisions of penal institutions certainly runs afoul of this provision.

Nonetheless, I agree with the majority that Zimmerman is not entitled to relief. Mandate is an extraordinary remedy viewed with extreme disfavor. *State ex rel. Civil City of South Bend v. Court of Appeals of Indiana–Third Dist.*, 273 Ind. 551, 406 N.E.2d 244, 245 (1980). A defendant must have failed to perform a clear, absolute, and imperative duty imposed by law, and a plaintiff must have a clear and unquestioned right to relief. *Id.* at 246; *State ex rel. Drost v. Newton Superior Court*, 275 Ind. 297, 416 N.E.2d 1247, 1250 (1981). According to Indiana Code section 11–11–5–4(4), if the controlled substance that Zimmerman tested positive for came from outside the prison, then the Department of Correction was warranted in restricting his visitation. Because of the factual nature of such an inquiry, it cannot be said that Zimmerman has a clear and unquestioned right to relief. For the foregoing reasons I agree with the result reached by the majority, namely, the judgment of the trial court should be affirmed.