**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2013, 5:42 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOSEPH A. TAYLOR**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH A. TAYLOR, | ) | |
| | ) | |
| Appellant/Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1304-PL-380 |
| | ) | |
| SGT. RINEHART, | ) | |
| | ) | |
| Appellee/Respondent. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1110-PL-104

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Joseph A. Taylor appeals the trial court's denial of his motion for relief from judgment from the trial court's earlier dismissal of his complaint. He contends that the trial court erred in denying his motion for relief from judgment because the trial court had no subject-matter jurisdiction to dismiss his initial complaint, so that dismissal is void. However, because this Court has previously ruled on the issue of dismissal, the law-of-the-case doctrine applies, and we are bound by our previous decision which affirmed the dismissal. We therefore affirm the trial court's denial of Taylor's motion for relief from judgment.

**Facts and Procedural History**

On October 17, 2011, Taylor, an inmate at the Pendleton Correctional Facility ("the prison"), filed a complaint against Sergeant Rinehart, alleging that he was denied statutory and constitutional rights during the prison's disciplinary procedures. The trial court dismissed Taylor's complaint pursuant to Indiana Code section 34-58-1-2 and *Zimmerman v. State*, 750 N.E.2d 337 (Ind. 2001), which screens out prisoner claims that may not proceed because they are frivolous, seek monetary relief from an immune defendant, or do not present a claim upon which relief can be granted. Taylor appealed the dismissal, and this Court issued a not-for-publication decision on June 29, 2012, affirming the trial court's dismissal of Taylor's appeal for lack of subject-matter jurisdiction. *Taylor v. Rinehart*, 2012 WL 2499440 (Ind. Ct. App. June 29, 2012), *trans. denied*.

In February 2013, Taylor filed a motion for relief from judgment, arguing that the trial court's original dismissal of his complaint was void because the trial court lacked subject-matter jurisdiction. The trial court denied the motion because the case had already been dismissed, so the relief sought was moot.

Taylor now appeals.

**Discussion and Decision**

Taylor contends that the trial court erred in denying his motion for relief from judgment as moot because the trial court did not have subject-matter jurisdiction over his complaint, and therefore its initial dismissal of his complaint should be void. We disagree. Since this Court has already ruled on the trial court's dismissal of Taylor's complaint, we find that the law-of-the-case doctrine applies, and we must hold in accordance with our previous opinion.

The law-of-the-case doctrine states that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any later appeal involving the same case and substantially the same facts. *Murphy v. Curtis*, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010), *trans. denied*; *see also Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011) ("[A]s most commonly defined, the [law-of-the-case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). The purpose of this doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. *Murphy*, 930 N.E.2d at 1234. This doctrine is based on the policy that once an issue is litigated and decided, that should be the end of the matter. *Id.* For this

3

doctrine to apply, the matters decided in the earlier appeal must clearly appear to be the only possible construction of an opinion. *Id.* Thus, questions not conclusively decided in the earlier appeal do not become the law of the case. *Id.*

We find the law-of-the-case doctrine applicable here. In our previous opinion, we clearly held that the trial court had no subject-matter jurisdiction to hear Taylor's complaint, so dismissal was appropriate. Taylor now asks us to revisit the trial court's dismissal and render it void for lack of subject-matter jurisdiction. However, because we have already ruled on this issue and found that the trial court was correct in dismissing Taylor's complaint, under the law-of-the-case doctrine, we must follow our previous decision. We therefore will not void the trial court's earlier decision, and we hold that the trial court did not err in denying Taylor's motion for relief from judgment because his complaint had already been dismissed. That decision was upheld by this Court, so any relief now sought is moot.

Affirmed.

KIRSCH, J., and BROWN, J., concur.

4