Dean E. **BLANCK**, Appellant–Plaintiff,

v.

**INDIANA DEPARTMENT OF CORRECTION, et al.,** Appellees–Defendants.

No. 52A02–0309–CV–800.

Court of Appeals of Indiana.

March 30, 2004.

Publication Ordered April 21, 2004.

Dean E. Blanck, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Dean Blanck appeals the trial court's dismissal of his complaint against the Indiana Department of Correction ("DOC") and the Miami Correctional Facility. He raises a single issue on appeal, namely, whether the trial court erred when it dismissed his complaint for failure to state a claim upon which relief can be granted.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

In June 2003, while incarcerated in Michigan City, Blanck filed a pro se complaint against DOC alleging in relevant part that:

1. The plaintiff Dean E. Blanck is a state prisoner serving a twenty (20) year sentence in the custody, care and control of the Indiana Department of Correction[ ].

2. The plaintiff was housed, incarcerated and confined at the Miami Correctional Facility from August 8th, 2000, until March 8th, 2002.

3. From May 16, 2001, until March 8th, 2002, the plaintiff was sep[a]rated from the general prison population and placed in (EHU) and (PHU) segregation units.

4. Blanck contends that he has a state created statutory right by the provisions of Ind.Codes § 11–11–5–4, § 11–11–5–5, § 11–11–5–6, § 11–11–5–7 and § 11–10–1–7 protected by the State Constitution.

5. Blanck further contends that Article [I], Section 12 of the Indiana Constitution "Open Courts Clause" is a guaranteed right to judicial review of state laws where prison officials have imposed arbitrary forms of disciplinary punishments in direct violation of these statutes [i.e.] I.C. 11–11–5–4.

On August 11, 2003, the trial court sua sponte dismissed Blanck's complaint for failure to state a claim upon which relief can be granted. Specifically, the trial court determined:

In his complaint, Blanck has stated that he was subject to discipline between

May 16, 2001 and March 8, 2002 and that he was separated from the general population during that time. He further states that MCF [Miami Correctional Facility] is required to conduct periodic reviews pursuant to IC 11–11–5–7 and that they failed to do so. As a result, he claims to have been damaged.

The court now finds that the plaintiff has failed to state a claim for which relief can be granted. Further, the plaintiff is inviting judicial review of prison disciplinary actions, prohibited by *Hasty v. Broglin*, 531 N.E.2d 200 (Ind. 1988). See also *Zimmerman v. State*, 750 N.E.2d 337 (Ind.2001).

Blanck now appeals.

## DISCUSSION AND DECISION

Blanck asserts that the trial court erred when it dismissed his complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Indiana Trial Rule 12(B)(6) is made to test the legal sufficiency of the claim, not the supporting facts. *Vakos v. Travelers Ins.*, 691 N.E.2d 499, 501 (Ind. App.1998). On review, we determine whether the complaint states any allegation upon which relief could be granted. *Id.* A complaint cannot be dismissed under T.R. 12(B)(6) unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *Id.* Further, a complaint need not state all elements of a cause of action. *Id.* We must take the facts alleged in the complaint as true and determine whether, in a light most favorable to the plaintiff, the complaint is sufficient to constitute a valid claim. *Id.* Dismissals pursuant to T.R. 12(B)(6) are rarely appropriate. *Davidson v. Perron*, 716 N.E.2d 29, 33 (Ind.Ct.App. 1999). We will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Id.*

The State contends that Blanck's complaint was properly dismissed because he is seeking judicial review of disciplinary proceedings of the DOC. In support, the State relies solely on *Zimmerman v. State*, 750 N.E.2d 337 (Ind.2001), in which our supreme court reviewed the trial court's denial of an action for mandate brought by a prison inmate. In that case, the defendant had tested positive for drugs while incarcerated, and in response, prison officials placed restrictions on his visitation privileges. *Id.* The defendant alleged that the DOC's actions were in violation of Indiana law, which only allows restrictions on visitation privileges to be used as discipline for abuse of visitation. *See* Ind.Code § 11–11–5–4. The court held that there is no right to judicial review of prison disciplinary proceedings, and under due process, the administrative review procedures within DOC are adequate. *Zimmerman*, 750 N.E.2d at 338 (citing *Riner v. Raines*, 274 Ind. 113, 409 N.E.2d 575 (1980), and *Hasty v. Broglin*, 531 N.E.2d 200 (Ind. 1988)).

Relying on *Zimmerman*, the state asserts categorically that, "the result is no different because Blanck claims the violation of a statutory right." We cannot agree. Concurring in *Zimmerman*, Justice Boehm recognized "two open questions" the defendant did not raise in his complaint. *Zimmerman*, 750 N.E.2d at 338. Specifically, the defendant "made no claim that Indiana Code [S]ection 11–11–5–4 grants him a statutory right which is protected by Article I, Section 12's open courts clause." *Id.* Justice Boehm went on to state:

> We are left, then, with two open questions for another day. First, does Indiana Code section 11–11–5–4, which prohibits the Department of Correction[ ] from imposing certain disciplinary

actions, create a statutory right? If so, does Article I, Section 12 of the Indiana Constitution guarantee inmates a right to judicial review of disciplinary proceedings allegedly in violation of that statute?

*Id.*

Here, as we have stated, Blanck's complaint alleges in part that "he has a state created statutory right by the provisions of Ind.Codes § 11–11–5–4, § 11–11–5–5, § 11–11–5–6, § 11–11–5–7 and § 11–10–1–7 protected by the State Constitution," and that "Article [I], Section 12 of the Indiana Constitution 'Open Courts Clause' is a guaranteed right to judicial review of state laws where prison officials have imposed arbitrary forms of disciplinary punishments in direct violation of these statutes [i.e.] I.C. 11–11–5–4." Thus, Blanck has raised legal questions not addressed in *Zimmerman.* Indeed, Blanck's complaint raises issues of first impression, and he is entitled to his day in court to have those issues decided on the merits. In sum, we reject the State's argument that *Zimmerman* is dispositive and conclude that Blanck's complaint states allegations upon which relief could be granted. *See Vakos,* 691 N.E.2d at 501. Thus, the trial court erred when it dismissed Blanck's complaint.[1]

Reversed and remanded for further proceedings.

BAKER, J., and MAY, J., concur.

### ORDER

The Appellant, pro se, has filed a Motion to Publish Memorandum Decision. He states that Court's decision meets the criteria of Appellate Rule 65(A)(1) and (3) because it is a case of first impression on the statutory rights of all prisoners incarcerated in the State of Indiana, and he asks the Court to publish the decision handed down on March 30, 2004.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:
1. The Appellant's Motion to Publish Memorandum Decision is GRANTED, and the Court's opinion handed down on March 30, 2004, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

NAJAM, BAKER, MAY, JJ., concur.

---

1. Blanck's complaint also alleges that DOC imposed arbitrary forms of discipline. Thus, we agree with the trial court that in portions of his complaint, Blanck seeks judicial review of disciplinary proceedings, which is improper under *Zimmerman.* But Blanck has also raised legitimate legal questions in his complaint, and the trial court erred when it dismissed his complaint in its entirety.