NORMAN KELLERMAN et al., Plaintiffs-Appellants and Cross-Appellees, v. MAR-RUE REALTY AND BUILDERS, INC., Defendant-Appellee and Cross-Appellant.

First District (5th Division)   No. 84—558

Opinion filed March 22, 1985.

Block, Levy & Associates, of Chicago (Russell C. Green, of counsel), for appellants.

Braun & Rivkin, Ltd., of Chicago (Nancy M. Barrett, of counsel), for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs and class representatives, Norman and Vicki Kellerman, appeal from an order of the circuit court granting defendant, Mar-Rue Realty and Builders, Inc.'s, motion for summary judgment. Plaintiffs contend that the trial court erred in entering summary judgment against them because the advertisements placed by defendant failed to disclose that the lender, Northwest Federal Savings and Loan (Northwest Federal), required payment of mortgage guaranty insurance premiums (mortgage insurance) as a condition of financing and that this failure constituted deceptive advertising. Plaintiffs allege violations of section 1a of "An Act to prevent untrue, deceptive or fraudulent advertising" (Ill. Rev. Stat. 1981, ch. 121½, par. 157.21a) (hereinafter cited as the Fraudulent Advertising Act), section 2 of the Consumer Fraud and Deceptive Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1981, ch. 121½, par. 262) and section 2(12) of the Uniform Deceptive Trade Practices Act (Uniform Act) (Ill. Rev. Stat. 1981, ch. 121½, par. 312(12).) Defendant cross-appeals from an order denying its motion for costs and attorney fees. Defendant contends that plaintiffs' suit was without legal foundation because plaintiffs and their attorneys were aware of all material terms and conditions of the contract to purchase the condominiums prior to the closing and made no objection to them. We affirm.

Count I of plaintiffs' unverified complaint alleged that defendant was engaged in the development and sale of residential real estate, including the condominium known as the Mar-Rue Courts Complex. The defendant advertised for the sale of these condominiums in certain newspapers. These advertisements included purchase prices, down payments and interest rates on mortgage loans. After seeing one of these advertisements, plaintiffs were induced to examine the property in which they later purchased a unit. Plaintiffs alleged that at no time during the negotiations, nor in the contract itself, did defendant inform them that there were any undisclosed financing costs connected with the financing arrangements offered by or through the defendant. Upon the closing of the sale, plaintiffs were advised that they were required to purchase mortgage insurance as a condition of financing and that they were required to reimburse the lender the prepaid charge of $197.50 as an annual premium for this insurance. Plaintiffs alleged that the failure to disclose the mandatory purchase of mortgage insurance was a prerequisite to financing constituted deceptive advertising under section 1a of the Fraudulent Advertising Act (Ill. Rev. Stat. 1981, ch. 121½, par. 157.21a).

Plaintiff sought an accounting of the mortgage insurance premiums on behalf of the class. Count II differed from count I only in that plaintiffs alleged that the representations in the advertisements created a likelihood of confusion as to the nature of the financing arrangements in violation of section 2 of the Consumer Fraud and Deceptive Practices Act and section 2(12) of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1981, ch. 121½, pars. 262 and 312(12)). Defendant filed an answer denying the material allegations of the complaint.

Defendant's motion for summary judgment stated that count I fails to state a cause of action because section 1a imposes criminal misdemeanor sanctions affording no basis for a private cause of action. As to count II, the motion set forth that plaintiffs had not alleged that they would have done anything differently had they known of the mortgage insurance charge. Moreover, Norman Kellerman testified in a discovery deposition that he was aware of the mortgage insurance charge well before he closed the transaction to purchase his condominium unit. The motion included Kellerman's discovery deposition which disclosed the following additional facts. The language in the advertisement that attracted him to look at the unit was the "price of the unit and the interest rate." When he first viewed the condominium, he was given a packet of information in which he noticed a listing for the mortgage insurance charge but did not ask the sales agent to explain it. Later, when defendant's agent completed the sales contract, Kellerman observed the charge on the contract but again did not inquire about the mortgage insurance. He was represented by counsel in this transaction both before and at the closing. He signed all documents presented to him either before or at the closing after his attorney had reviewed and approved them for his signature. Neither Kellerman nor his attorney objected to the mortgage insurance charge at any time either before or at the closing. Kellerman was not coerced by defendant to arrange for financing from Northwest Federal and made no attempt to secure financing from any other financial institution. No documents or other depositions were filed to contradict his testimony. After hearing arguments on the motion, the trial court granted defendant's motion for summary judgment. Defendant subsequently moved for expenses and attorney fees (Ill. Rev. Stat. 1983, ch. 110, par. 2—611), alleging that plaintiffs' class action suit was baseless because plaintiffs and their attorney were aware right from the start of the mortgage insurance requirement. The trial court denied the motion. Plaintiffs appeal the granting of defendant's motion for summary judgment,

and defendant cross-appeals the denial of its motion for expenses and attorney fees.

OPINION

■ As to count I, plaintiffs allege that the trial court erred in entering summary judgment for defendant because a private right of action for deceptive advertising should have been implied under section 1a of the Fraudulent Advertising Act. In the instant case, defendant included the argument that count I fails to state a cause of action with its motion for summary judgment. Our supreme court has expressly disapproved such hybrid motions for the reason that combining an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated is likely to confuse both the parties and the court. The court allowed, however, that to remand the cause to the trial court for separate consideration of motions would "occasion delay and waste of judicial resources." (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 407, 312 N.E.2d 605.) We adopt that reasoning and conclude that the most expeditious manner of disposing of this appeal is to consider the proceeding before us as to count I as a motion to strike the complaint because substantially insufficient in law. See Ill. Rev. Stat. 1983, ch. 110, par. 2—615; *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 498, 396 N.E.2d 34.

In asserting that a private right of action under section 1a should be recognized, plaintiff urges that the rationale employed in *Rice v. Snarlin, Inc.* (1970), 131 Ill. App. 2d 434, 266 N.E.2d 183, is applicable to the instant case. In *Rice*, which dealt with the Consumer Fraud Act (Ill. Rev. Stat. 1967, ch. 121½, pars. 261 through 272), the court reasoned that by creating liability on the part of the seller, the legislature intended to invest the consumer with the right to enforce his claim. (*Rice v. Snarlin, Inc.* (1970), 131 Ill. App. 2d 434, 442, 266 N.E.2d 183.) The court based its decision allowing a private right of action under the Consumer Fraud Act on a belief that the Illinois legislature intended to enact broad protective coverage of consumers from deceptive or unfair selling and advertising techniques used by businesses. (See also *American Buyers Club v. Honecker* (1977), 46 Ill. App. 3d 252, 361 N.E.2d 1370.) Following the *Rice* decision, the Illinois legislature revised the Consumer Fraud Act, expressly granting a private right of action. See Ill. Rev. Stat. 1973, ch. 121½, par. 270a.

■ Although *Rice* was based on sound reasoning, we perceive important differences between the Consumer Fraud Act interpreted in *Rice* and the Fraudulent Advertising Act of which section 1a is a part. The preface to the Consumer Fraud Act specifically states that the Act is "to protect consumers and borrowers against fraud and certain other practices by or on behalf of sellers and lenders of money ***." The preface to the Fraudulent Advertising Act states simply that its purpose is "to prevent untrue, deceptive or fraudulent advertising." Although the Attorney General has discretionary authority to proceed against anyone violating a provision of the Consumer Fraud Act (Ill. Rev. Stat. 1981, ch. 121½, pars. 263 through 267), no criminal sanctions are imposed as punishment. Section 1a, however, provides that any violation of this provision is "a class A misdemeanor." This section and other sections of this Act were amended in 1973 to conform the penalties imposed with the Unified Code of Corrections. (Ill. Ann. Stat., ch. 121½, par. 157.21a (Smith-Hurd 1984-85).) For these reasons, we believe the legislature intended section 1a as a criminal section, and we decline to imply a private right of action under that section. Because the Illinois legislature amended the Consumer Fraud Act expressly allowing consumers a right of action, a party seeking civil damages would undoubtedly be able to state a cause of action under that Act. Accordingly, we find that count I fails to state a cause of action.

■ A defendant may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part of the relief sought against him. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(b).) The judgment sought shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).) In determining whether there exists a genuine issue of material fact, the court considers the entire record and construes the evidence strictly against the moving party and liberally in favor of the opponent. (*Spancrete of Illinois, Inc. v. Brickman* (1979), 69 Ill. App. 3d 571, 576, 388 N.E.2d 47.) If the party moving for summary judgment supplies evidentiary facts which, if uncontradicted, would entitle him to judgment, the opposing party cannot rely on his pleadings alone to raise issues of material fact. (*In re Estate of Garbalinski* (1983), 120 Ill. App. 3d 767, 770, 458 N.E.2d 1065.) Nevertheless, even though the party opposing the motion fails to file counteraffidavits, the movant should not be awarded summary judgment

unless the affidavits establish the right to a judgment as a matter of law. (*Spancrete of Illinois, Inc. v. Brickman* (1979), 69 Ill. App. 3d 571, 576, 388 N.E.2d 47.) The consequence, therefore, of failing to file counteraffidavits is that the statements in the affidavits supporting the motion stand as admitted. *Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 541, 458 N.E.2d 575.

In count II, plaintiff alleges violations of section 2 of the Consumer Fraud Act and section 2(12) of the Uniform Act. Plaintiff argues that the trial court erred in granting defendant's motion for summary judgment as to both of these sections. Section 2 defines a deceptive practice as "the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, ***." (Ill. Rev. Stat. 1981, ch. 121½, par. 262.) The Consumer Fraud Act is intended to provide broader consumer protection than the common law action of fraud. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790; *American Buyers Club v. Honecker* (1977), 46 Ill. App. 3d 252, 361 N.E.2d 1370; *Rice v. Snarlin, Inc.* (1970), 131 Ill. App. 2d 434, 266 N.E.2d 183.) However, the Act is not intended to be used as a vehicle for transforming nondeceptive and nonfraudulent statements or omissions into actionable ones.

In a case similar to the instant case, *Perrin v. Pioneer National Title Insurance Co.* (1980), 83 Ill. App. 3d 664, 404 N.E.2d 508, the court rejected an attempt to base a claim on section 2 of the Consumer Fraud Act. In *Perrin*, plaintiff sought to represent a class of persons who either bought or sold real estate and who ordered title reports and commitments for title and mortgage insurance policies from the defendant. The plaintiffs paid the defendant its regular service charges for the title and mortgage insurance policies, then claimed unfair or deceptive practices. In support of their claim, plaintiffs alleged that during the period in question, defendant gave substantial discounts to builders and others who engaged in the business of real estate development, which it did not extend to or even disclose to plaintiffs. Plaintiffs alleged that defendant had "intentionally concealed and suppressed" its practice of giving discounts to builders in violation of section 2. The *Perrin* court recognized that section 2 requires the existence of a misrepresentation or the deceptive concealment or omission of any material fact, with an intent that others rely upon that misrepresentation or concealment. None of the plaintiffs' allegations showed how the nondisclosure was in any way a material fact bringing the alleged concealment within the proscription of section 2. Because plaintiffs failed to allege that they

would have done anything differently had they known of the builders' discounts, the requisite materiality was lacking. *Perrin v. Pioneer National Title Insurance Co.* (1980), 83 Ill. App. 3d 664, 674, 404 N.E.2d 508.

■■ The *Perrin* decision was rendered in a factual context similar to the case at bar. Plaintiffs represent a class of individuals who purchased condominiums from the defendant and are now paying mortgage insurance premiums to Northwest Federal. After paying the mortgage insurance premiums to the lending institution, which plaintiffs claim the defendant failed to disclose, plaintiffs alleged deceptive practices. Our review of the record reveals that plaintiffs have not alleged that they would have done anything differently had they known of the mortgage insurance requirement at the time they saw the advertisement. Nor could they so contend in light of the deposition testimony of Norman Kellerman, which demonstrates that he was aware of the mortgage insurance charge when he first visited the condominium. During all of the following negotiations and dealings, he was represented by counsel who reviewed and approved all loan documents, which listed the mortgage insurance premiums, on or before the closing. No objection to the insurance charge was made at any time by Kellerman or his attorney. We find no evidence of the concealment of a material fact, the knowledge of which would have caused plaintiffs to act in a different manner. Construing the evidence strictly against the defendant and in the absence of any contradictory affidavits or depositions submitted by the plaintiffs, summary judgment was properly entered for the defendant.

■■ Plaintiffs also argue that even if they knew about the mortgage insurance, defendant had a duty to disclose that information in its advertisements. We do not deem it consistent with the purpose of section 2 to impose a duty on a real estate broker to disclose every single charge of the lender who might possibly arrange a loan with a potential purchaser. Although financing from Northwest Federal was made available at the advertised rates, plaintiffs were neither required nor pressured to obtain financing through any particular lending institution. The securing of financing was the plaintiffs' responsibility, and we see no reason to impose a duty on defendant to reveal in its advertisement all charges imposed by the lender pursuant to financing arrangements. We find no error in the trial court's decision.

Section 2(12) of the Uniform Act provides that "[a] person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he engages in any other conduct which

similarly creates a likelihood of confusion or of misunderstanding." (Ill. Rev. Stat. 1981, ch. 121½, par. 312(12).) Illinois courts have held that section 2 is applicable only to transactions involving goods and services (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634; *Beard v. Gress* (1980), 90 Ill. App. 3d 622, 413 N.E.2d 448) and the transaction here involved a sale of real estate. However, assuming that a cause of action has been stated, as indeed we must on a motion for summary judgment, in light of Kellerman's deposition testimony that he was aware of the mortgage insurance through information provided by the defendant, we do not believe there is any genuine issue that defendant's failure to disclose that the lending institution charged a nominal mortgage insurance premium constituted conduct creating a likelihood of confusion or misunderstanding. Accordingly, the trial court did not err in granting summary judgment in favor of the defendant.

■ Defendant cross-appeals from the trial court's order denying its motion for costs and attorney fees. In their complaint, plaintiffs alleged that defendant failed to inform them during the negotiations for the contract, or in the contract itself, that there were any undisclosed financing costs connected with financing arrangements offered through the defendant. Defendant contends that plaintiffs' suit was without legal foundation because plaintiffs and their attorneys were aware of all the material terms and conditions of the contract to purchase the condominium prior to the closing and did not object to them.

Section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) provides in part:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

The purpose of section 2—611 is to penalize a litigant who pleads frivolous or false matters or brings suit without basis in law whereby another party shoulders the burden of expending money for an attorney to defend against an untenable suit. (*In re Estate of Palm* (1973), 11 Ill. App. 3d 24, 28, 295 N.E.2d 580.) Because the statute is penal in nature, it may be invoked only in cases falling strictly within its terms. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628.) In order for the moving party to prevail

under section 2—611, he must prove that the allegations were both untrue and made without reasonable cause. (*Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 243, 417 N.E.2d 167.) The burden of proving these two elements rests with the party seeking relief. (*Demos v. Ericson* (1982), 104 Ill. App. 3d 403, 405, 432 N.E.2d 1035.) Allowance of costs and fees is discretionary with the trial court and will not be disturbed on review absent a clear abuse of discretion. *Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 144, 421 N.E.2d 1078.

Under the facts presented, the trial court did not abuse its discretion in denying the defendant's motion for costs and attorney fees. Defendant argues that a packet of information given to plaintiffs when they first viewed the condominiums contained information on the mortgage insurance. Although Kellerman stated in his deposition that defendant provided him with this packet, simply viewing the condominium could not be considered part of the negotiations for the contract to purchase referred to in the complaint. Further, plaintiffs' theory of the case is that defendant should have informed them of the mortgage insurance charge in its advertisement. We see no impropriety in plaintiffs arguing that defendant should also have been required to inform them of the mortgage insurance charge during the negotiations. We therefore find that defendant has not met its burden of proof showing the allegation to be untrue.

Neither do we believe that sufficient proof was offered to demonstrate that the allegation was made without reasonable cause. At his deposition, Kellerman testified that he recalled seeing the packet of information, but because none of the defendant's salespersons brought it to his attention or explained it to him, he felt that "it was never actually given" to him. Because defendant never explained the mortgage insurance to Kellerman so that he understood it, we cannot say the allegation was made without reasonable cause.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

SULLIVAN and PINCHAM, JJ., concur.